# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LYNWOOD PICKENS,<br>Individually and for others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HAMILTON-RYKER IT SOLUTIONS, INC.,<br><br>    Defendant. | NO. 3:20-cv-00141<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |

## MEMORANDUM

This case concerns Plaintiff Lynwood Pickens' claim that Defendant Hamilton Ryker IT Solutions, Inc. improperly classified Pickens and other similarly situated employees as exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA"). Pending before the Court are the parties' cross motions for summary judgment, which are fully briefed and ripe for review. (Doc. Nos. 95, 99). The parties each filed and responded to statements of undisputed material facts.[1] (Doc. Nos. 97, 100, 104, 106). In addition to filing response and reply briefs (Doc. Nos. 103, 105, 111, 112), the parties filed three notices of supplemental authority (Doc. Nos. 113, 114, 115).

For the reasons stated herein, Defendant's Motion for Summary Judgment will be **GRANTED**, and Plaintiff's Motion for Summary Judgment will be **DENIED**.

---

[1] For ease of reference the Court cites Defendant HR-IT's Statement of Undisputed Material Facts together with Plaintiff's response (Doc. No. 106) as "Def. SOF ¶__"; and Plaintiff Lynwood Pickens' Statement of Additional Material Facts together with Defendants' response (Doc. No. 104) as "Pl. SOF ¶__".

## I. BACKGROUND

Hamilton-Ryker IT, Inc. ("HR-IT") is a "provider of professional staffing and recruiting services that facilitates the entire contingent workforce procurement and management process for its clients as well as provides compliance and payrolling services." (Def. SOF, ¶ 1). HR-IT contracted with Freeport LNG Expansion, L.P. ("Freeport") to provide staffing and placement services related to the constructions and commissioning of Freeport's natural gas liquification and LNG loading facility on Quintana Island near Freeport, Texas. (*Id.*, ¶ 2).

This action concerns Pickens and other HR-IT employees who were assigned to the Freeport Project. HR-IT classified all of these employees as exempt from the FLSA. (*Id.*, ¶ 5). The employees were paid over $100,000 per year. Pursuant to the HR-IT's Rate of Pay Policy, which went into effect on August 1, 2017, these employees were paid a guaranteed weekly amount, which HR-IT calls a "salary," plus additional compensation calculated on an hourly basis for hours worked over eight hours in a workweek. (*Id.*, ¶ 15). The weekly salary was equal to eight hours pay at their hourly rate. (*Id.*, ¶ 16). Employees were paid this guaranteed amount on weeks in which they performed any work, even if they worked less than eight hours. (*Id.*).

Pickens, for example, received weekly salary of $800.00 for weeks he performed any work, plus $100 per hour for hours worked in excess of eight hours in any workweek. (*Id.* ¶ 21). For example, if he worked four hours in a week, he would be paid the $800 salary for that week. If he worked eight hours, he would also be paid the $800 salary for the week. If he worked ten hours, he would be paid $1,000 ($800 salary for the first eight hours, plus $100 per hour for hours nine and ten). (*See* Patel Dep., Doc. No. 100-2 at 68:15-69:18 (explaining the pay calculation policy)).

Pickens and other employees governed by this compensation structure did not receive overtime compensation for hours worked in excess of forty hours. (Pl. SOF, ¶¶ 1-2). In 2018,

2

Pickens earned $207,876.39 in total compensation. (Def. SOF, ¶ 23;). In 2019 he earned $109,752.67, despite only working three months. (*Id.*). The other opt-in plaintiffs were similarly compensated with slight variations in the weekly salary and hourly rate.[2] The employees tracked their hours, and their paychecks show an hourly rate and number of hours worked. (Pl. SOF, ¶ 6).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's claims. *Id.*

In evaluating a motion for summary judgment, the Court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been

---

[2] Early in the case, the parties stipulated to conditional certification and court approved notice to potential plaintiffs. (*See* Doc. Nos. 28, 29, 30). Several putative plaintiffs filed notices of consent to joint. (*See* Doc. Nos. 38, 39, 40, 41, 42, 43, 46). Under the Sixth Circuit's decision in *Clark v. A&L Homecare and Training Center, LLC*, the "'other employees' become parties to an FLSA suit (as opposed to mere recipients of notice) only after they opt in and the district court determines – not conditionally, but conclusively – that each of them is in fact 'similarly situated' to the original plaintiffs." 68 F.4th 1003, 1009 (6th Cir. 2023). At this juncture, the Court has not made any final determination as to the opt-in plaintiffs. Accordingly, the only plaintiff is Lynwood Pickens.

presented to make the issue of material fact a proper jury question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence from which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

### III. ANALYSIS

The FLSA guarantees that covered employees receive overtime pay when they work more than 40 hours in a week. "But an employee is not covered and so is not entitled to overtime compensation, if he works 'in a bona fide executive, administrative, or professional capacity,' as those 'terms are defined' by agency regulations." *Helix Energy Solutions Group, Inc. v. Hewitt*, 598 U.S. 39, 43 (2023) (citing 29 U.S.C. § 213(a)(1)). "Under the relations, an employee falls within the bona fide executive exemption only if (among other things) he is paid 'on a salary basis.'" *Id*. (citing 29 C.F.R. §§ 541.100(a)(1), 541.601(b)(1)).[3] Employees who make at least $107,432 per year are considered to be highly compensated employees ("HCEs").[4] As relevant here, to be exempt from the overtime wage requirements, the employee must receive "total annual compensation of at least $107,432," which must include at least $684 per week paid on a salary or fee basis as set forth in §§ 541.602 and 541.605[.]" 29 C.F.R. § 541.601(a)(1), (b)(1).

---

[3] The bona fide executive standard has three parts: (1) the "salary basis" test, (2) the "salary level" test; (3) the "duties" test. *See Helix*, 598 U.S. at 44-45 (citing 84 Fed. Reg. 51230 (2019)). Only the "salary basis" test is at issue here. (*See* Pl. Br., Doc. No. 105 at 2; Def. Br., Doc. No. 96 at 11).

[4] During the relevant period, the HCE exemption applied to any employee who earned more than $100,000 annually. The $100,000 threshold remained applicable until January 1, 2020. *See* 84 Fed. Reg. 51235 (Jan. 1, 2020) (raising the threshold to $107,432). In this case, there is no dispute that the employees at issue met the annual income threshold under the current version of the regulation. Therefore, for ease of reference, the Court refers to that version.

Two other regulations "give content to the salary-basis test" – §§ 541.602(a) and 541.604(b) (hereinafter referred to as § 602(a) and §604(b)). *See Hewitt*, 598 U.S. at 46. The "main salary-basis provision" is in § 602(a), which provides:

> (a) **General rule**. An employee will be considered to be paid on a "salary basis" within the meaning of this part if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.
>
> (1) Subject to [certain exceptions], an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked. Exempt employees need not be paid for any workweek in which they perform no work.

"The rule thus ensures that the employee will get at least part of his compensation through a preset weekly (or less frequent) salary, not subject to reduction because of exactly how many days he worked." *Hewitt*, 598 U.S. at 46. "If, as the rule's second sentence drives home, an employee works any part of a week, he must receive his 'full salary for [that] week' – or else he is not paid on a salary basis and cannot qualify as a bona fide executive." *Id.* "An employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis. … Such additional compensation may be paid on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off." 29 C.F.R. § 541.604(a).

Section 604(b) lays out a second non-overlapping path – apart from Section 602(a) – which enables a compensation scheme to meet the salary basis test for workers whose compensation is

5

"'computed on an hourly, a daily or a shift basis,' rather than a weekly or less frequent one." *Hewitt*, 598 U.S. at 55. When a compensation scheme is based on an hourly rate, it may meet the salary basis requirement by guaranteeing a minimum weekly payment (at or above the amount set by regulation) regardless of hours worked, so long as the guaranteed weekly minimum bears a reasonable relationship" to the amount the employee usually earns. *Id*. at 55-56 (citing 18 U.S.C. § 604(b)).

At issue here is whether the weekly pay HR-IT guaranteed to employees is a "weekly salary" under Section 602(a) or an hourly rate with a guaranteed weekly minimum that falls under Section 604(b), and whether the additional compensation, which is paid at an hourly rate, must meet the reasonable relationship requirement of Section 604(b).

As explained above, an employee is paid on a "salary basis" if "the employee regularly receives each pay period on weekly or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). Here, Pickens and other highly compensated HR-IT employees, received a weekly salary without regard to the number of hours or days worked. That salary satisfies the definition of "salary basis" in Section 602(a).

Plaintiff argues Section 602(a) applies "'only to weekly-rate employees' … [t]hat is, to employees paid based only on a 'straight weekly salary' – a 'weekly-rate-only.'" (Doc. No. 99 at 5 (citing *Hewitt*, 598 U.S. at 49-57)). Plaintiff contends that if an employee's compensation "is anything other than a pure weekly rate under § 602(a), the employer must comply with § 604." (*Id*. at 5). Plaintiff acknowledges that HR-IT has labeled the guaranteed weekly pay a "weekly salary" and designated hourly payment for hours beyond eight as "additional compensation," but

6

argues that these labels are "nothing but a charade giving the appearance of compliance with the salary basis test under § 602(a)." (*Id*. at 6). He contends the weekly salary, which is the equivalent of eight hours of pay, is actually a "minimum guarantee plus extras," and therefore subject to the requirements of Section 604(b).

In support of this argument, Plaintiff leans heavily on a Department of Labor Opinion Letter from 2018, asserting that the Letter "told everyone that a pay plan like Hamilton-Ryker's would violate the law." (Pl. Resp., Doc. No. 105 at 1; *see also*, *id*. at 10, 13, 14, 16 (citing DOL Opinion Letter FLSA2018-15, 2018 WL 5921453 (Nov. 8, 2018) ("the 2018 Opinion Letter"); and Pl. Mem., Doc. No. 99 at 3, 15, 18, 19 (same)). But this Letter does not conclusively answer the question presented here. First, the Department of Labor was responding to a question about whether a specific pay plan met the reasonable relationship test of Section 604(b).[5] Both the inquiring party and the Department of Labor assumed for purposes of the question that the reasonable relationship test applied. Moreover, this letter predates the Supreme Court's ruling in *Hewitt* that Section 604(b) does not apply if Section 602(a) is satisfied.[6]

Plaintiff's argument concerning the application of Section 604(b), however, is not without some logical appeal. HT-IR could have structured compensation in a different manner that would have provided the same compensation, but not met the salary basis test of Section 602(a). This

---

[5] The letter began, "This letter responds to your request for an opinion concerning whether a guaranteed weekly salary for a professional has a "reasonable relationship" with his or her "usual earnings" for purposes of determining whether the employee is paid a salary under 29 C.F.R. § 541.604(b)." DOL Opinion Letter FLSA2018-15, 2018 WL 5921453 (Nov. 8, 2018).

[6] The Court notes that in a more recent Opinion Letter in which the Department of Labor considered the permissibility of a certain pay structure for consultants who work on a project basis (undeniably, not the circumstance in this case). DOL Opinion Letter FLSA2020-2, 2020 WL 122924 (Jan. 7, 2020). The letter noted that when the "*underlying compensation* is not computed on an hourly, daily, or shift basis, the reasonable relationship requirement does not apply." *Id*. (emphasis added).

appears to have been the circumstance in *Hewitt*, where the employee was paid a daily rate that exceeded the weekly minimum salary requirement. The dissent pointed out that Hewitt effectively received a guaranteed amount for each week he performed work – in that case the guaranteed amount was his $963 daily rate – and that this met the weekly salary requirement of Section 602(a). (*Hewitt*, 598 U.S. at 64-65 (Kavanaugh, J. and Alito, J. dissenting)). Nevertheless, because Hewitt's pay was calculated on a daily, not a weekly basis, the majority concluded that Section 604(b), not Section 602(a), applied. *Id*. at 61.

Here, Pickens was paid a weekly salary without regard to the number of hours or days worked. This plainly meets the salary basis test of Section 602(a). And *Hewitt* states that when the requirements of Section 602(a) are met, as they are here, the pay scheme "does not also have to meet § 604(b) to make a worker exempt." *Hewitt*, 598 U.S. at 50, n.3. The Supreme Court clearly stated that Section 602(a) and Section 604(b) "offer non-overlapping paths to satisfy the salary basis requirement." *Id*. at 55; *see also*, *id*. at 49 ("[A] worker may be paid on a salary basis under either § 602(a) or § 604(b)."); *id*. at 55("§ 604(b) lays out a second path – apart from § 602(a) – enabling a compensation scheme to meet the salary-basis requirement"). The Supreme Court also made clear that a worker can be paid on a salary basis under § 602(a) even if he receives additional non-salary compensation. *Id*. at 54, n.5. This additional compensation can be paid on any basis, including as a straight-time hourly amount. 29 C.F.R. § 541.604(a).

Plaintiff argues that even if the guaranteed salary meets the requirements of § 602(a), § 604(b) applies because the additional compensation is calculated on an hourly basis. The Tenth Circuit Court of Appeals recently considered this issue and concluded that § 604(b) applies only

8

Case 3:20-cv-00141   Document 117   Filed 03/28/24   Page 8 of 10 PageID #: 2860

when the employee receives his base compensation on an hourly, daily, or shift basis.[7] *Wilson v. Schlumberger Tech. Corp.*, 80 F.4th 1170, 1176 (10th Cir. 2023).

The plaintiff in *Wilson* received a bi-weekly base salary regardless of the number of hours, days, or shifts worked. *Id*. at 1175. He was paid additional compensation, which accounted for the bulk of his pay, at an hourly rate for time spend in the field. *Id*. The plaintiff argued he was not paid on a salary basis because the additional compensation did not bear a reasonable relationship to the guaranteed salary amount under § 604(b). *Id*. at 1176.

The *Wilson* court found that the "reasonable relationship" requirement of Section 604(b) does not apply unless the employee receives his base compensation on an hourly, daily, or shift basis. In reaching this conclusion, the Tenth Circuit observed that "additional compensation" is only specifically referenced in Section 604(a); Section 604(b) contains no reference to "additional compensation." The Court also noted that the examples given in subsection (b) involve an employee's base pay, not additional compensation. *Id*. at 1176-77 (citing 29 C.F.R. §§ 541.604(b)). The Court concluded that "[t]hese examples support the interpretation that § 541.604(a) applies when an employee receives a base salary and additional compensation, and § 541.604(b) applies when an employee is merely guaranteed a minimum salary, but is typically paid on an hourly, daily, or shift basis." *Id*. at 1177. The Court found that Section 604(b) applied to an employee

---

[7] The Fifth Circuit Court of Appeals also recently addressed this issue and reached the opposition conclusion. *Gentry v. Hamilton-Ryker IT Solutions*, No. 22-40219, 2023 WL 4704115 (5th Cir. Jul. 24, 2023) (per curiam). This decision, however, was withdrawn when the Court granted a petition for rehearing en banc. *Gentry v. Hamilton-Ryker IT Solutions*, No. 22-40219, 2024 WL 1065512 (5th Cir. Jan. 26, 2024). Accordingly, the Court does not address the *Gentry* opinion. The Court will note, however that Fifth Circuit's recent decision in *Herbert v. FMC Technologies, Inc.*, No. 22-20562, 2023 WL 4105427 (5th Cir. Jun. 21, 2023), found that a bi-weekly guaranteed salary plus additional compensation at a daily rate, satisfies the salary basis requirement of Section 602(a).

"whose actual pay varies from week to week based upon how many shifts he works," not to an employee whose salary was "not based upon his hours, days, or shifts of work." *Id*.

Like the plaintiff in *Wilson*, Pickens and other highly compensated HR-IT employees were paid a weekly salary that did not vary based on hours worked, plus additional compensation at an hourly rate. Moreover, *Hewitt* makes clear that Section 602(a) and Section 604(b) are separate ways to meet the salary basis test. *Hewitt*, 598 U.S. at 49, 55. When a compensation structure meets the requirements of Section 602(a), as does the structure at issue in this case, Section 604(b) does not apply. *Id*. Although it was not an issue in that case, *Hewitt* did not suggest that Section 604(b) applies whenever an employee receives any part of his income on an hourly, daily, or shift basis. To the contrary, Section 602(a) requires only that the weekly salary constitute "part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 602(a). That requirement is met here.

## IV. CONCLUSION

For the reasons stated, Plaintiff's Motion for Summary Judgment (Doc. No. 98) will be **DENIED**, and Defendant's Motion for Summary Judgment (Doc. No. 95) will be **GRANTED**. Accordingly, Plaintiff's claims will be **DISMISSED WITH PREJUDICE**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE